IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS SCOTT BOENZI,<br><br>              Plaintiff,<br><br>     v.<br><br>COUNTY OF NAPA, et al.,<br><br>              Defendants. | Case No. 26-cv-00516-CRB<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION; DISMISSING CASE** |

Nicholas Scott Boenzi, proceeding pro se, brought suit against the County of Napa, the Napa District Attorney's Office ("DA"), and the Napa Superior Court Clerks and Supervisory Clerks ("Clerks"). FAC (dkt. 8). The lawsuit arose out of events in a state court action where Boenzi purportedly had difficulties in the litigation. See generally FAC. As Boenzi is proceeding in forma pauperis, Magistrate Judge Alex Tse screened Boenzi's complaint. Dkt. 7. Boenzi then filed an amended complaint. See FAC. Judge Tse screened the case a second time and identified numerous deficiencies that warranted dismissal. Order (dkt. 9). Boenzi failed to file a second amended complaint. As a result, Judge Tse issued a report and recommendation ("R&R") to dismiss the case without leave to amend. R&R (dkt. 11). Boenzi did not file an objection. Having reviewed Judge Tse's well-reasoned R&R, the Court **ADOPTS** it in full and **DISMISSES** the case.

Judge Tse first noted that Boenzi's seven claims for relief did not clarify which of the three defendants they were brought against. R&R at 2. "A complaint must clearly state the defendant(s) whom the complaint is alleging a claim(s) against." Robledo v. Lee, No. 24-CV-04893-NC, 2024 WL 6841825, at *1 (N.D. Cal. Aug. 14, 2024). The Court agrees with Judge Tse that clarity is especially important here as Napa County cannot be

United States District Court<br>Northern District of California

liable for the actions of California courts, which are state agencies. See Petty v. Petty, No. C 03-0548 SI, 2003 WL 21262369, at *4 (N.D. Cal. May 28, 2003) (dismissing claims against Alameda County based on actions of state court judges). This alone warrants dismissal.

Judge Tse also reasoned that many of Boenzi's claims could be barred by applicable immunities. R&R at 3–4. The Court agrees. For starters, Boenzi seeks damages, injunctive relief, and declaratory relief against the Clerks in their official capacity. See FAC ¶¶ 27–35. Claims for retrospective relief, such as damages, against the Clerks is barred by the Eleventh Amendment. See Arizona Students' Ass'n v. Arizona Bd. of Regents, 824 F.3d 858, 864 (9th Cir. 2016); see also Fan v. City of Newport Beach, 2023 WL 8351516, at *4 (C.D. Cal. Sept. 29, 2023) ("Plaintiff's due process claims against the Orange County Superior Court, its employees acting in their official capacity, and the California Court of Appeals are barred by the Eleventh Amendment."). Moreover, Boenzi alleges that the Clerks "refused to file, docket, transmit, or process the disqualification materials despite their mandatory and ministerial nature." FAC ¶ 11. But the Clerks are entitled to absolute quasi-judicial immunity for challenged activities which are an "integral part of the judicial process," such as filing and processing papers. Haile v. Sawyer, No. C 02-5723 MJJ, 2003 WL 1907661, at *2 (N.D. Cal. Apr. 14, 2003) (state court clerk entitled to quasi-judicial immunity where claims were based on clerk's filing of court papers), aff'd, 76 Fed. App'x 129 (9th Cir. 2003).

Boenzi's claims against the DA may be similarly barred. A state prosecutor is entitled to absolute immunity from liability for violating federal constitutional rights, when he is engaged in activities "intimately associated with the judicial phase of the criminal process." Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). Boenzi does not clarify the basis of his claims against the DA, merely stating that the DA is "responsible for prosecutorial policies and ratification of the acts described herein." See FAC ¶ 6. As a result, it is entirely possible that his claims are barred.

United States District Court
Northern District of California

Judge Tse also determined that the Court lacks jurisdiction over Boenzi's claims that seek to challenge state court decisions.  R&R at 4.  The Court agrees.  Boenzi alleges that "[s]ummary denials under inapplicable doctrines foreclosed meaningful review," "[t]rial courts relied on those appellate dispositions to justify continuation of proceedings," and that he was "denied timely access to minute orders and rulings necessary to meet short appellate deadlines."  FAC ¶¶ 15–17.  But the Rooker-Feldman doctrine bars federal review of state court decisions.  See Missud v. Nevada, 861 F. Supp. 2d 1044, 1053 (N.D. Cal. 2012), aff'd, 520 F. App'x 534 (9th Cir. 2013).  "The Rooker-Feldman doctrine is a well-established jurisdictional rule prohibiting federal courts from exercising appellate review over final state court judgments."  Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 858–59 (9th Cir. 2008).  "The clearest case for dismissal based on the Rooker-Feldman doctrine occurs when a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision."  Id. (quoting Henrichs v. Valley View Dev., 474 F.3d 609, 613 (9th Cir. 2007)).  That is precisely what Boenzi seeks here.

For the foregoing reasons, the Court **ADOPTS** the R&R and **DISMISSES** the case without leave to amend.  See 28 U.S.C. § 1915(e)(2)(B).

**IT IS SO ORDERED.**

Dated: May 14, 2026

CHARLES R. BREYER
United States District Judge

3